IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:25-CV-585-FL

| | | |
|---|---|---|
| C.J., an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMRIDE, LLC, a Connecticut Limited | ) | ORDER |
| Liability Corporation; THOMAS RECCK, | ) | |
| an individual; RENE RODRIGUEZ, an | ) | |
| individual; ADRIEL RODRIGUEZ, an | ) | |
| individual; and DOES 1-25, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon plaintiff's motion for leave to proceed pseudonymously (DE 4). For the following reasons, the motion is granted.

Plaintiff began this tort case April 3, 2025, and filed the instant motion the same day. At the core of the complaint is a violent sexual assault allegedly committed by an employee of defendants. (See Compl. (DE 1) ¶¶ 50–63). The instant motion is based on plaintiff's desire to keep the highly sensitive and personal details of the allegations protected from public inspection.

In deciding a motion for leave to proceed via pseudonym, the court weighs five factors: 1) whether the movant asserts merely the desire to avoid the criticism that may attend litigation or rather the need to preserve privacy in a matter of highly sensitive nature; 2) whether identification poses a risk of retaliatory harm to the movant or third parties; 3) the ages of the persons whose privacy interests are at stake; 4) whether the action is against a governmental or private party; and

5) the risk of unfairness to the opposing party. James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993). These factors weigh in favor of the motion.

First, it cannot be denied that the alleged violent sexual assault of plaintiff is a matter of "sensitive and highly personal nature," id., so this factor supports the request. See, e.g., Doe v. Doe, 85 F.4th 206, 212 (4th Cir. 2023) (recognizing strong privacy interests in cases involving sexual assault and collecting cases).

Second, plaintiff has alleged stalking by the alleged perpetrator of the attack, who is not a defendant, such that denial of the motion would expose her, and her minor children, to risk of further retaliation by him. (Compl. ¶ 63). This factor favors the motion.

Third, plaintiff is an adult, so this factor weights against the motion, though only slightly given the implicated interests of minor children as just noted.

Fourth, this suit is against only private parties, so this factor weighs against the motion. See, e.g., Doe v. Alger, 317 F.R.D. 37, 41 (W.D. Va. 2016); Doe v. Pittsylvania County, Va., 844 F. Supp. 2d 724, 730 (W.D. Va. 2012).

Fifth, there will be no prejudice to defendants, who all know plaintiff's identity. Plaintiff instead seeks to shield her identity from inspection on the public docket. (Mot. Leave (DE 4) 11).

The court therefore concludes that although the third and fourth factors disfavor the motion slightly, the other three factors weigh in its favor decisively.

Based on the foregoing, plaintiff's motion for leave to proceed pseudonymously (DE 4) is GRANTED.

SO ORDERED, this the 8th day of September, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge